IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAHMOUD A. SALAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1111-DWD |
| ) | |
| AISIN MANUFACTURING ) | |
| ILLINOIS LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case comes before the Court on six motions filed by the parties:

Doc. 60: Defendant's Motion to Compel Discovery Responses;
Doc. 62: Plaintiff's Motion to Strike Defendant's Affirmative Defenses;
Doc. 78: Plaintiff's Motion for Extension of Time to Complete Discovery;
Doc. 81: Defendant's Motion to Amend Answer and Affirmative Defenses;
Doc. 84: Plaintiff's Motion for Protective Order; and
Doc. 87: Plaintiff's Motion to Compel Discovery.

On April 29, 2021, the Court held a hearing on the parties' motions. Attorney Graber appeared on behalf of Plaintiff. Attorney Christensen appeared on behalf of Defendant Aisin Manufacturing Illinois, LLC. Before arguments were heard on the pending motions, counsels for the parties represented that their clients are scheduled to attend a mediation on May 28, 2021.

The Court will address each motion in turn. As for Defendant's Motion to Compel (Doc. 60), counsel for the parties represented that the issues raised in Defendant's Motion have been resolved. Accordingly, Defendant's Motion (Doc. 60) is **DENIED as moot**.

1

By its Motion for Leave (Doc. 81) Defendant seeks to file an amended answer and affirmative defenses to Plaintiff's First Amended Complaint. Plaintiff objects to the filing of an amended answer, arguing that the proposed amended answer does not fix the alleged deficiencies Plaintiff complains of in his Motion to Strike (Doc. 62). Defendant's Motion for Leave (Doc. 81) is **GRANTED**, over Plaintiff's objection. Defendant may file its amended answer and affirmative defenses to Plaintiff's First Amended Complaint by **May 10, 2021**. As Plaintiff's Motion to Strike (Doc. 62) is no longer directed at Defendant's operative answer s in this matter, the Motion (Doc. 62) is **DENIED, as moot**, and without prejudice to Plaintiff filing a further motion directed at Defendant's amended answer and affirmative defenses.

In light of the parties' forthcoming mediation, the Court will take Plaintiff's Motion for Protective Order (Doc. 84) and Plaintiff's Motion to Compel Discovery (Doc. 87) under further advisement. Defendant is **ORDERED** to file responses to Plaintiff's Motions at Doc. 84 and Doc. 87 by **May 10, 2021**. Plaintiff's counsel further requests to receive supplement responses to certain discovery requests from Defendant prior to mediation. Specifically, Plaintiff seeks to compel supplements to: Interrogatory No. 3 (and related Request to Produce No. 8), and Interrogatory No. 9, along with updated information on the employment status of certain disclosed witnesses.

By Interrogatory No. 3 (and related Request to Produce No. 8), Plaintiff seeks to compel discrimination complaints made to Defendant, and particularly those complaints reported to Defendant's hotline number from 2014 (when Plaintiff first began working for Defendant) to the present. The parties disagree on the proper scope for Plaintiff's

2

interrogatory. Defendant's counsel represented that Defendant provided certain complaints from 2015 to April 2021 to Plaintiff, but not the actual hotline complaints because she was unaware whether these hotline complaints are available or in what format. Defendant's counsel further represented that the complaints provided to Plaintiff were limited in scope to only complaints concerning the same kind of discrimination Plaintiff complains of, i.e. discrimination based on race, national origin, color, and religion, and related retaliatory conduct. The complaints were further limited to only complaints made at Defendant's plant in Marion, Illinois, which is the facility that Plaintiff worked at.

Plaintiff's counsel agreed to limit the scope of this interrogatory (and its related request to produce) to only the geographic area where Plaintiff was employed; however, Plaintiff objects to any further scope limitation, arguing that all complaints are relevant to his claim, and that he is entitled to see the complaints dating back to when Plaintiff first began his employment with Defendant. The Court hereby **FINDS** it appropriate to limit the scope of Interrogatory No. 3, and related Request to Produce No. 8, as follows:

> Defendant **SHALL** produce to Plaintiff, all complaints, including all hotline complaints, calls, or reports, for any alleged discrimination similar to the discrimination alleged by Plaintiff in his complaint, including race, national origin, color, and religion, alleged to have occurred at Defendant Aisin Manufacturing Illinois, LLC's facility in Southern Illinois, from 2014 through April 2021.

3

By Interrogatory No. 9, and its corresponding discovery request, Plaintiff seeks to compel the production of all disciplinary reports for disciplinary actions taken by Defendant. Again, the parties disagree on the scope of this request. Defendant's counsel represents that Defendant produced information concerning disciplinary reports for all team members in manufacturing at the facility where Plaintiff worked for four years. This information was limited to the same type of discipline that Plaintiff received. Further, Defendant did not produce the actual documents underlying the reports, but instead produced data generated from Defendant's electronic storage system. Plaintiff objects to Defendant's scope, and instead argues that Plaintiff is entitled to all disciplinary reports from the facility, in addition to the production of the actual documents underlying the reports. Defendant replies, arguing that the production of each individual document would be burdensome for Defendant and involve pulling physical documents from hundreds of individual employment files. The Court is inclined to agree with Plaintiff, particularly as it relates to Plaintiff's request to review the underlying documents supporting each disciplinary report. However, in the interest of preparing for mediation, and particularly in the spirit of keeping discovery costs and expenses low until after the parties attend mediation, the Court hereby **RESERVES** ruling on the proper scope of Interrogatory No. 9 until after the parties complete their mediation.

Finally, Plaintiff requests that Defendant supplement its Rule 26 disclosures to update any information on the employment status of certain disclosed witnesses. Defendant's counsel represented that there are three (3) witnesses that are no longer employed by Defendant. Accordingly, Defendant agreed to supplement its disclosures.

Defendant's counsel further represented that Defendant has no objection to Plaintiff's counsel contacting any former employee of Defendant *ex parte*.

In accordance with the above rulings, Defendant **SHALL** supplement its discovery responses to Plaintiff's Interrogatory No. 3, Request to Produce No. 8, and its Rule 26 disclosures by **May 10, 2021**. Any remaining discovery issues will be addressed following the completion of the parties' settlement conference.

Finally, Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 78) is **GRANTED, in part**. The Court hereby **STAYS** all deadlines, including all pending discovery deadlines, in this matter until after the parties complete their mediation. This stay applies to all pending discovery response deadlines, except for those deadlines specifically addressed or set in this Order. Further, the parties are granted leave to discuss whether there are any remaining discovery issues that need rulings prior to their mediation, or whether the parties need any specific individual(s) deposed prior to their mediation. In the event such discovery is identified as necessary for the parties' mediation, the parties are encouraged to come to an amicable solution regarding new response deadlines or deposition dates. In the event the parties are unable to reach an amicable solution, they are directed to contact the Court to inquire as to the Court's available to set an electronic discovery hearing prior to their mediation.

**SO ORDERED**.

Dated: April 29, 2021

_____
DAVID W. DUGAN
United States District Judge