IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MAHMOUD A. SALAMA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-1111-DWD |
| AISIN MANUFACTURING ILLINOIS LLC, | ) | |
| Defendant. | ) | |

## ORDER

**DUGAN, District Judge:**

This matter is before the Court on five motions filed by Plaintiff Mahmoud A. Salama: Motion for Protective Order (Doc. 84), Final Motion to Compel Discovery (Doc. 87), Motion to Strike (Doc. 96), Motion for Protective Order and/or to Quash Subpoena (Doc. 99), and Motion to Supplement (Doc. 111). On June 30, 2021, the Court held a hearing on the motions. In preparation for this hearing, the Court directed the parties to "meet, confer, and report" (*See* Doc. 63; Doc. 103). The parties submitted their Joint Discovery Report to the Court on June 29, 2021 (Doc. 112). Having reviewed the Parties' briefing and after hearing arguments, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Protective Order (Doc. 84) is **DENIED, as moot, by agreement of the parties**.

2. Plaintiff's Motion to Strike Defendant's Amended Answer and Affirmative Defenses (Doc. 96) is **GRANTED**. Defendant is granted leave to file an amended answer and affirmative defenses on or before **July 21, 2021**.

1

3. Plaintiff's Motion to Supplement his Reply to his Motion for Protective Order (Doc. 111) is **GRANTED**. The Court reviewed the information contained in the Motion to Supplement in consideration with Plaintiff's Motion for Protective Order and/or to Quash Subpoena (Doc. 99).

4. Plaintiff's Motion for Protective Order and/or to Quash Subpoena (Doc. 99) is **GRANTED, in part, and DENIED, in part**. Defendant's proposed document subpoena directed to non-party, Menard, Inc., and attached as Exhibit A to Plaintiff's Motion for Protective Order (Doc. 99-1; Doc. 100) **MAY ISSUE,** subject to Defendant's proposed modification concerning the addition of the name of Plaintiff's limited liability company. All documents or other information produced in connection to the subpoena **SHALL BE** tendered to Plaintiff's counsel. Unless otherwise agreed to by counsels for the parties, Defendant's counsel **SHALL** tender all documents or other information received from the subpoena production to Plaintiff's counsel **within forty-eight (48) hours of receipt or inspection by Defendant's counsel**. These documents are further **SUBJECTED** the provisions of Paragraph 6 below (hereinafter, the "**Protective Order**").

5. Plaintiff's Final Motion to Compel Discovery (Doc. 87), as modified by the parties' June 29, 2021 Discovery Report (Doc. 112), is **GRANTED, in part, and DENIED, in part**. The Court hereby **ORDERS**:

    a. **First Requests to Produce Nos. 8 & 11, Interrogatory No. 3.** Plaintiff seeks to compel data or documents underlying complaints made to Defendant which are similar or comparative to Plaintiff's allegations in this matter. Defendant represents that it has produced documents

responsive to these requests in the form of a chart. Defendant further represents that the chart includes redactions of individual names. Defendant's counsel agrees to un-redact the names of the individual(s) against whom the complaint was brought (i.e., the alleged bad actors). With this agreement, Plaintiff's request to compel further documents and answers is **DENIED, without prejudice**. Plaintiff may seek further information or modifications of Defendant's disclosure after review of the un-redacted names produced by Defendant, and in the event probative value justifies further disclosure.

b. **Second Request to Produce: disciplinary, personnel, FMLA, attendance, and other records**. Plaintiff seeks to compel additional personnel data from individuals identified by the parties, including FMLA and attendance records. Defendant represents that it has produced nearly twenty (20) individual personnel files to Plaintiff, and objects to any further disclosure as irrelevant. Defendant's objection is **OVERRULED**, and Plaintiff's Motion to Compel is **GRANTED** as to this disclosure. Defendant **SHALL** produce the requested records, **SUBJECTED** to the **Protective Order** below, and with the understanding that no further discovery shall be taken concerning these personnel records unless probative value justifies further inquiry.

c. **Second Request to Produce No. 3(f).** Defendant's objection to this request as overbroad is **SUSTAINED**, and Plaintiff's Motion to Compel

is **DENIED, without prejudice** as to Request to Produce No. 3(f). Plaintiff is granted leave to amend this request and clarify its scope. Plaintiff shall serve any amended discovery request on or before **July 21, 2021**. Defendant is further reminded that in the event it objects to certain requests or interrogatories on the basis of privilege, Defendant **MUST** produce a privilege log in accordance with Federal Rule of Civil Procedure 26.

d. **Second Request to Produce No. 6.** Defendant's objection to this request is **SUSTAINED**, and Plaintiff's Motion to compel as to Request to Produce No. 6 is **DENIED**.

e. **Second Request to Produce Nos. 8 and 9**. Plaintiff's Motion to Compel as to Request to Produce Nos. 8 and 9 is **GRANTED**. Defendant shall supplement its responses to Request to Produce Nos. 8 and 9 by **July 16, 2021**. In responding, Defendant shall, at minimum, specify the individuals from whom Defendant is or is not asking for further information and communications. For those individuals Defendant is not asking further information from, Defendant shall state the basis for the decision in the form of an objection.

f. **Second Request to Produce Nos. 10 and 11.** By these requests, Plaintiff seeks to compel communication or information from Defendant's former president, Defendant's board of directors, and the former president of another company. Defendant represents that there are

many layers of management between Plaintiff and the highest level of management for Defendant. As these records may be more readily established through a lower level of management, Defendant's objections to these Request Nos. 10 and 11 are **SUSTAINED**, and Plaintiff's Motion to Compel is **DENIED, without prejudice**. Plaintiff is granted leave to amend these requests and serve an amended discovery request on or before **July 21, 2021**. The Court notes that in the event a certain information requested is only available through a higher-level management position, then Plaintiff may renew these requests in the spirit of the suggestions offered by the Court at the June 30, 2021 hearing.

g. **Second Request to Produce No. 16**. Plaintiff's counsel represents that Plaintiff seeks documents related to the application process for all jobs at Defendant's facility. Defendant's counsel objects to the scope of this production, and represents that it will agree to provide job descriptions, qualification information, and other documents responsive to this request, but only for jobs that Plaintiff applied for, and for those individuals in Plaintiff's chain of command. Plaintiff further seeks documents outlying the specific promotion process(es) Defendant maintains. Plaintiff's Motion to Compel is **GRANTED, in part**, **and DENIED, in part**. Defendant shall produce documents that describe (whether in full or in part) the application process(es) for jobs that

5

Plaintiff applied for or was otherwise qualified for, in addition to those jobs for which Defendant's counsel has agreed to provide. Defendant shall supplement its response to Request to Produce No. 16 by **July 16, 2021**.

h. **Second Request to Produce No. 23.** Plaintiff's Motion to Compel is **GRANTED** as to Request to Produce No. 23. Defendant shall supplement its response to Request to Produce No. 23 by **July 16, 2021**. Defendant is instructed to treat any objections to the disclosure of individual files in accord to creating a privilege log under Fed. R. Civ. P. 26, so that the Court can readily determine by *in camera* review whether disclosure is appropriate.

i. **Second Request to Produce No. 24.** This request is similar to subpart (a) above. Defendant's counsel agrees to un-redact the names of the individual(s) against whom the complaint was brought (i.e., the alleged bad actors). With this agreement, Plaintiff's request to compel audio files of certain voice recordings is **DENIED, without prejudice**. Plaintiff may seek further information or modifications of Defendant's disclosure after review of the un-redacted names produced by Defendant, and in the event probative value justifies further disclosure.

j. **First Set of Interrogatories No. 1.** Plaintiff seeks to compel further narratives in response to Defendant's Answer to Interrogatory No. 1. Defendant's counsel represents that there is nothing more Defendant

can represent apart from what has already been disclosed. Plaintiff's Motion to Compel further responses to Interrogatory No. 1 is **DENIED**.

k. **First Set of Interrogatories No. 8.** Defendant's counsel represents that everything responsive to this interrogatory has been produced. Defendant's Objection to Interrogatory No. 8 is **OVERRULED**, and Plaintiff's Motion to Compel further responses to Interrogatory No. 8 is **DENIED, as moot**.

l. **First Set of Interrogatories No. 3.** This request is similar to subparts (a) and (i) above. Plaintiff seeks to compel investigatory files and any position statements Defendant has submitted to the EEOC. Defendant's counsel agrees to produce its position statements submitted to the EEOC. In addition, Defendant agreed to un-redact the names of the individual(s) against whom complaint(s) were brought. With this agreement, Plaintiff's request to compel further documents or information is **DENIED, without prejudice**. Plaintiff may seek further information or modifications of Defendant's disclosure after review of the EEOC position statements and un-redacted names produced by Defendant, and in the event probative value justifies further disclosure.

m. **Item No. 3 on p. 7 of the Parties Joint Report (Doc. 112): Document Production.** Plaintiff generally seeks to compel documents or information related to Plaintiff's FMLA leave/documents, Defendant's discrimination training, and supervisory and pre-shift meetings. Some

of the issues raised by this item relate to other subparts above. To the extent the same interrogatories or responses are covered by different subparts, the instructions in those subparts should be followed. Otherwise, Defendant is to supplement its responses to the discovery requests or interrogatories which relate to these discovery items by **July 16, 2021**.

6. **Protective Order**. As more fully itemized above, the Court **FINDS** that good cause exists under Fed. R. Civ. P. 26(c) to enter a protective order to govern the production and disclosure of certain documents and information related to non-parties in this dispute, or that are of a potentially sensitive nature. Accordingly, the Court hereby **ORDERS**:

   a. All discovery produced or received in accordance with Paragraph 4 or Paragraph 5(b) (the "Protected Documents") shall be subject to the provisions of this Protective Order.

   b. Until further ordered by the Court, all Protected Documents **SHALL** be maintained in confidence by Counsels only. The Protected Documents **SHALL NOT** be produced, disclosed, or shared with Plaintiff or Defendant, or any other person, except for (a) this Court and its officers, (b) employees of counsel, and (c) experts retained in this litigation.

   c. Until further order of the Court, the Protected Documents **SHALL** be used for no purpose other than prosecuting or defending the above-captioned proceeding.

d. Any party may apply to the Court for relief from, or modification of, this Order.

e. After production of the Protected Documents, the parties may challenge the confidential designation of all or any portion of the Protected Documents. In so challenging the proper designation of the Protected Documents, the parties are **DIRECTED** to first meet and confer about the proper designation of the Protected Documents. The parties may then file a motion with the Court to determine whether a Protected Document should retain its protection under this Protective Order. When filing the motion, the party shall contemporaneously submit the document(s) or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document(s) or information shall remain subject to this Protective Order.

f. The Court **SHALL NOT** be bound to the terms of this Protective Order, and may, in its discretion, allow disclosure of any subject covered by this protective Order or modify this Protective Order at any time in the interest of justice.

**SO ORDERED**.

Dated: July 1, 2021

———————————————
DAVID W. DUGAN
United States District Judge