IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAHMOUD A. SALAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1111-DWD |
| | ) |
| AISIN MANUFACTURING ILLINOIS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff, Mahmoud A. Salama, asserts discrimination and retaliation claims against his former employer, Defendant Aisin Manufacturing, Inc., on the basis of his race/color, national origin, and religion (Doc. 55). This case is now before the Court on yet another discovery dispute between the parties (*See* Doc. 90; Doc. 114). Following a status conference on August 12, 2021, the Court directed the parties to "meet, confer, and report" concerning their remaining discovery issues and to submit an updated joint discovery report to the Court (Doc. 121). The parties could not agree on all their disagreements or agreements so did not agree to the submission of a joint report (*See* Doc. 130; Doc. 133). Instead, Plaintiff filed a discovery report on September 9, 2021 (Doc. 130). Defendant filed its discovery report on September 15, 2021 (Doc. 133-4).

Also before the Court is Plaintiff's Motion for Leave (Doc. 127). Defendant filed a response to the Motion (Doc. 134), to which Plaintiff replied (Doc. 135). The Court held a discovery hearing on September 29, 2021 (Doc. 140). Prior to the hearing, the Court

1

directed the parties to submit affidavits of their attorney's fees (Doc. 132), which the parties did (Docs. 137, 138). Having reviewed the Parties' briefing and after hearing arguments, these discovery issues are ripe for rulings as detailed below.

## I.     Motion to Compel

By his Motion dated September 9, 2021, Plaintiff seeks to compel the disclosure of an e-mail chain that Defendant produced, and marked confidential, in a separate litigation matter, *Marroy v. Aisin MFG. Illinois, LLC*, S.D. Ill. Case No. 20-972-DWD. Plaintiff's counsel refers to this e-mail chain as "Bates Stamped Aisin-Marroy pp. 1078-1081" (Doc. 127). This e-mail chain raises a few background issues from *Marroy* that are relevant to this matter. First, in *Marroy*, Plaintiff also asserted discrimination and retaliation claims against Defendant Aisin. *See Marroy*, at Doc. 25.[1] The parties reached a settlement in this matter, and judgment was entered on August 25, 2021. *See Marroy*, at Docs. 98, 100.

Second, the parties in *Marroy* and this matter share similarities in representation. Specifically, in *Marroy*, Plaintiff Marroy was represented by Attorney Brian J. Graber of Brian J Graber LLC. *See Marroy*, at Doc. 11. Defendant Aisin was represented by Attorneys Rebecca Murphy Christensen, Kimberly A. Yates, and Patricia J. Martin of Littler Mendelson P.C. – St. Louis. *See Marroy*, at Docs. 4, 5, 81. Likewise, in this matter, Plaintiff Salama is represented by Attorney Brian J. Graber (Doc. 67), in addition to

---

[1] Court documents, including electronic docket information, are public records of which the Court can take judicial notice. See *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

Attorneys Ronald E. Osman of Ronald E. Osman & Associates, Ltd. (Doc. 24), and Robin Potter of Fish Potter Bolanos, P.C. (Doc. 29). Defendant Aisin is again represented by Attorneys Rebecca Murphy Christensen, Kimberly A. Yates, and Patricia J. Martin of Littler Mendelson P.C. – St. Louis (Docs. 10, 11, 92). Just as in this matter, the parties in *Marroy* had several discovery disputes. *See Marroy*, at Docs. 76, 96.

Finally, in *Marroy*, a confidentiality order was entered on March 22, 2021, which addressed and governed certain discovery issues present in *Marroy*. *See Marroy*, at Doc. 56. Two provisions of the confidentiality order are relevant to this matter. Specifically, Paragraph 5 prohibits the use or disclosure of confidential material by the parties, counsel for the parties, or other authorized third-party disclosees. *Id.* Further, Paragraph 14 requires the return or destruction of confidential documents "[w]ithin sixty-five days after dismissal or entry of final judgment not subject to further appeal." *Id.*

Turning to the instant discovery dispute. Plaintiff's Counsel, Brian Graber, alleges that "Bates Stamped Aisin-Marroy pp. 1078-1081" is an e-mail chain that contains a "racially discriminatory statement" made on October 20, 2020 by one of Defendant Aisin's human resources employees (Doc. 127, pp. 1-2)[2]. Plaintiff argues that this e-mail chain is relevant and discoverable in this matter, but that Defendant refuses to produce it (Doc. 127). Specifically, Plaintiff asserts that this e-mail chain is responsive to at least three requests for production, which state:

**Plaintiff's First Request for Production**

---

[2] Counsel Graber e-mailed a copy of the e-mail chain for the Court's in camera review on September 17, 2021, and the Court has reviewed the same.

3

>    12.    Written communications (including email and other ESI) among and/or between any Aisin employee, including management regarding discrimination based on race, religion, and/or national origin from January 2015 to the present.
>
>    14.    All minutes and recordings and notes [*sic*] any meetings or discussions of defendant relating to (a) Plaintiff; or (b) discrimination based on race, religion, gender and/or national origin during the period January 2015 to present.
>
>    **Plaintiff's Second Request for Production**
>
>    9.    Email, text messages and/or social media communications and/or posts mentioning or referencing race, Muslims, blacks, African Americans or minorities sent or received by any individual listed in Defendant's Second Supplemental Rule 26 Disclosures (see Request No. 1), in Plaintiff's Responses to Interrogatory No. 1 and/or in Plaintiff's Rule 26(a)(1) Disclosures, from the start of Mr. Salama's employment with Aisin to the present.

(*See* Docs. 127-2, 135-1).

Defendant argues that this e-mail chain is not responsive to any written discovery in this matter (Doc. 134). Further, Defendant asserts that Plaintiff's Motion and attempt to use confidential documents from *Marroy* in this matter violate the Confidentiality Order entered in *Marroy*. *See Marroy*, at Doc. 56. Specifically, Defendant asserts that Plaintiff's Motion, in addition to other conversations which have occurred between the parties' attorneys, indicate that Attorney Graber improperly disclosed the *Marroy* documents to Plaintiff and his legal team, despite Plaintiff and some of his attorneys' not being parties, representatives, or authorized disclosees of the documents. Defendant further argues that Attorney Graber has improperly retained confidential documents, including this e-mail chain, despite clear destruction provisions in the *Marroy*

4

Confidentially Order. As such, Defendant invites the Court to deny Plaintiff's Motion and sanction Attorney Graber under Federal Rule of Civil Procedure 37(b).

With his Reply, Plaintiff attached declarations from Attorney Graber, Attorney Potter, and Attorney Bolin, whom is not an attorney of record for Plaintiff in this matter, but one of Plaintiff's attorneys. Attorney Graber stated that he never shared any confidential documents from *Marroy* with his co-counsels in this litigation, nor has he revealed the contents of the e-mail chain to his co-counsels (Doc. 135-2). Attorney Potter stated that Mr. Graber had never disclosed the contents of the *Marroy* documents he was seeking from Defendant and had no part in the drafting or filing of the instant Motion to Compel (Doc. 135-3). Similarly, Attorney Bolin stated that she has never seen the documents at issue in this dispute and that Mr. Graber did not disclose the documents or names of any person identified in the documents (Doc. 135-4).

Federal Rule of Civil Procedure 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to produce documents as may be required, the party seeking discovery may move for an order compelling the production. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37 further requires the Court to consider the issue of sanctions in the resolving motions to compel. *See* Fed. R. Civ. P. 37(a)(5); *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (Rule 37(a)(4) (now contained in Rule 37(a)(5)) "is a fee-shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'").

Specifically, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant did not act in good faith, the opposing party's nondisclosure "was substantially justified" or other circumstances make an award unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Similarly, if a motion is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was "substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

The Court has reviewed the subject e-mail chain, and at best, it is marginally debatable that the Plaintiff's requests for production call for the document.  Indeed, at the discovery hearing, Plaintiff's counsel agreed that reasonable minds could differ as to whether the statement was discriminatory or stereotypical.  However, the Court finds that it is highly unlikely that most people reviewing this statement would conclude that it was discriminatory so that the e-mail would reasonably be captured by Plaintiff's discovery requests.  Accordingly, the Court **FINDS** that the subject e-mail chain is not responsive to Requests to Produce Nos. 9, 12, or 14.  To that end, Plaintiff's Motion does not appear well taken, and even if the e-mail statement is otherwise discoverable in this matter, Defendant was substantially justified in withholding the e-mail from production as most readers would not understand the statement and specific term used therein as a

racial or discriminatory statement so to be within the reasonable capture of Plaintiff's current discovery requests. Plaintiff's Motion (Doc. 127) is therefore **DENIED**.

Given that the Motion (Doc. 127) is denied, the next question is whether attorney's fees are appropriate. As noted above, if a motion is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). By separate order, the matter will be set for hearing so as to give Plaintiff and his counsel the opportunity to be heard.

The Court further **FINDS**, that at this juncture, there is no evidence that Plaintiff's Counsel violated the confidentiality order in *Marroy*. Indeed, Attorney Graber represented that he has not shared or disclosed this e-mail chain to his co-counsels in this litigation. Further, the deadline to return or destroy the confidential documents subject to the confidentiality order has not yet passed. The confidentiality order required the return or destruction of confidential documents within sixty-five days after dismissal or entry of final judgment, which occurred on August 25, 2021. *See Marroy*, at Docs. 56, ¶ 14(b), 98, 100. Therefore, the deadline to return or destroy confidential documents pursuant to Paragraph 14 of the confidentiality order should occur by October 29, 2021.

7

## II.     Discovery Reports

As provided for by the parties' Discovery Reports (Doc. 130, Doc. 133-4), the parties invited the Court to issue rulings concerning approximately 13 outstanding discovery issues. However, at the discovery conference, counsels for the parties represented that a majority of the items were now resolved, or that supplemental responses have been produced. Defendant's counsel represented that Defendant has produced all documents and supplements it has been required to produce. Plaintiff's counsel disagrees but is unable to specifically articulate what documents or items Plaintiff is still requesting from Defendant that have allegedly not been produced.

The Court observes that a portion of this ongoing discovery dispute concerns an error with the bates labeling of Defendant's discovery production. Defendant's counsel explained that its labeling error was causing confusion for the parties, so Defendant underwent the process of re-labeling all of its discovery documents to include both an amended bates number and the past mistaken number. As such, Defendant's counsel represented that if any of its discovery responses or supplements were untimely, it was because Defendant chose to wait to produce those documents until after the re-labeling process was completed so that the discovery responses would also be updated with the correct and amended document numbers.

Counsels for the parties also confirmed that Defendant had produced supplements to discovery which addressed most of the issues in Plaintiff's discovery report. However, Defendant's latest production was completed on September 28, 2021. Therefore, Plaintiff's counsel had not yet reviewed the disclosures for completeness.

8

Defendant's counsel further represented that it had one additional supplement to produce to Plaintiff. This additional supplement was to have been produced on September 29, 2021. Considering these representations, and specifically Defendant's representation that Defendant has not only produced, but now re-produced, all required discovery materials to Plaintiff, at this time, the Court cannot reasonably determine what additional production or discovery Plaintiff may still be seeking from Defendant. Plaintiff's counsel generally references EEOC documents, a training manual, and the recent discovery supplements received on September 28, 2021. However, Plaintiff's counsel also represents that Plaintiff needs additional time to review the new production for accuracy and completeness. Plaintiff's counsel has also asked Defendant's counsel to update any discovery responses, as needed, to specifically reference the documents that are responsive to each request by their amended bates labels as a way of certification that nothing is being withheld from production.

Considering the foregoing, the Court will not issue specific rulings on each of the items raised in the parties' discovery reports. Instead, the parties are once again **DIRECTED** to **MEET and CONFER** concerning all outstanding discovery issues, and specifically as to what documents have been produced. The parties are **DIRECTED** to file a joint status report certifying that they have completed this required meet and confer to the Court. The joint status report shall be filed on or before **October 25, 2021**.

While the parties have already conducted multiple discovery conferences, the Court observes that in general, the attorneys appear to walk away from each meeting with grossly different opinions on the issues covered. These grave misunderstandings

and confusion have ultimately required much Court attention and involvement on these relatively minor discovery issues. Counsels are therefore reminded that it thwarts the meet and confer process to leave their discovery meetings with a misunderstanding of what has occurred there. The Court highly encourages the parties to use written communications (and additional discovery requests, as necessary) throughout their meet and confer process, so to develop adequate documentation to support a Rule 37(a)(1) certification, and so the Court can readily determine what documents (including the corresponding bates number) have or have not been produced.

The parties are further reminded that should the parties continue to have discovery disputes of this magnitude without progress or resolution, the Court will consider the appropriateness of appointing an independent overseer for discovery at the expense of the parties.

### III.     Oral Motion for Additional Depositions

At the discovery hearing, and as supported by Plaintiff's discovery report, Plaintiff's counsel orally moves to conduct more than ten (10) depositions. Defendant opposes the request under Fed. R. Civ. P. 30(a)(2)(A)(i), which requires a party to seek leave of Court to conduct a deposition that would result in more than 10 depositions being taken. Plaintiff's oral motion is **DENIED, without prejudice**. After ten depositions are completed, should additional depositions be required, Plaintiff may move – by filing an appropriate motion with the Court – for additional depositions. Plaintiff is reminded that he should provide significant detail as to why any additional depositions are needed.

10

## IV.  Defendant's Amended Answer

Although not raised by the parties, the Court observes Defendant has not filed an amended answer and affirmative defenses.  On July 1, 2021, the Court granted Plaintiff's Motion to Strike Defendant's Amended Answer and Affirmative Defenses (Doc. 114, at ¶ 2).  The Court further granted Defendant leave to file an amended answer and affirmative defenses on or before July 21, 2021 (*Id.*).  As of the date of this Order, Defendant has not filed an amended answer and affirmative defenses.  Defendant represents that it elected to stand on its Answer and Affirmative Defenses, without amending any of the stricken portions, and without any substantive changes to its prior answer.  For the benefit of the record in this matter, the Court **DIRECTS** Defendant to file an Amended Answer to clarify this representation.  Defendant shall file its Amended Answer on or before **October 25, 2021**.

## V.  Admonishment

The Court admonishes the parties to work professionally and cooperatively.  The Court has dedicated significant time and resources in reviewing voluminous motions and responses on discovery matters which the Court considers relatively simple. The parties would do well to review the Federal Rules of Civil Procedure 26 and 37.  Further, the Court would be remiss not to consider the impact these discovery delays are having in this matter and on the parties.  While strong advocacy may certainly be in the parties' best interest, the potential harm caused by their counsels' unyielding approach to discovery disputes is striking and runs counter to the spirit of Rules 26 and 37.  Litigation

need not be a blood sport and fervent advocacy should not employ the discovery process as a pugil. The Federal Rules of Civil Procedure are specific and encompassing and, if studied and applied, more often than not supply the solution to discovery related conflicts without the court's involvement.

Finally, the Court is troubled by the enormous attorney fees being incurred in this matter by Plaintiff, especially considering the current procedural posture of this case. At the Court's direction, Plaintiff submitted an affidavit of attorney's fees (Doc. 128). Plaintiff's affidavit represents the fees incurred from August 12, 2021 to September 20, 2021, but excludes any time spent by Attorneys Ronald E. Osman or Brian Graber during this time. Nevertheless, Plaintiff's attorneys have still accumulated $83,000.00 in fees representing 150.04 hours.

The Seventh Circuit has instructed that district courts have broad discretion to the "to check runaway attorney's fees while the litigation is underway" in the hopes that "[e]arly and active use of the court's case-management authority can help prevent excessive fees *before* they accrue." *See Montanez v. Simon*, 755 F.3d 547, 550-51 (7th Cir. 2014). In *Montanez*, the Circuit described the matter as a "simple civil-rights claim, overlitigated by both sides, [which] took on all the protracted complexity of high-stakes commercial litigation, replete with hard-fought discovery battles and even a mock trial." *Id.* In discussing the "overlawyering" by the parties, the Circuit emphasized that cases involving a fee-shifting statute (and no private incentive to limit the scope of litigation), a district court may use "active judicial oversight [to] help prevent straightforward cases . . . from spiraling out of control." *Id.* at 552.

In that vein, the Court must take this opportunity to remind the parties that it has broad case-management authority to set reasonable limits on discovery and trial preparation to help prevent similar overlawyering here. The Court therefore warns the parties that it will not hesitate to set reasonable boundaries and limitations on discovery as may become necessary to prevent the accrual of excessive fees. The parties should be mindful of these constraints, and work to avoid any further gamesmanship of the discovery process, and instead focus their efforts and resources on moving this case along and preparing for trial

**SO ORDERED**.

Dated: October 5, 2021

_____
DAVID W. DUGAN
United States District Judge